Filed 9/21/16  P. v. Miller CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER WENDELL MILLER,<br><br>        Defendant and Appellant. | A145096<br><br>(County of San Mateo<br>Super. Ct. No. SC080808A) |

**MEMORANDUM OPINION**[1]

In November 2014, defendant Christopher Wendell Miller was found guilty by a jury of one count of kidnapping a child under the age of 14 years with intent to commit a lewd act (Pen. Code, § 207, subd. (b)),[2] two counts of lewd act upon a child (§ 288, subd. (a)), two counts of indecent exposure with a prior conviction (§ 314, subd. (1)), and one count of child molestation with a prior conviction (§ 647.6, subd. (c)(2)).  The trial court sentenced him to a combined 32 years 4 months in state prison on the kidnapping, indecent exposure, and molestation convictions, plus concurrent 50-year-to-life terms on the lewd act convictions.  Defendant raises one issue on appeal—that the trial court erred in failing to stay the 22-year sentence on the kidnapping count under section 654.  The Attorney General agrees the trial court erred.  Upon review of the relevant portions of the record, we also agree.

---

[1]  We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

1

At the sentencing hearing, the trial court stated with respect to its decision to impose concurrent sentences on the first three counts (one for kidnapping a child under the age of 14 and two for lewd acts on a child): "I agree that they are two separate acts. And, of course, the jury so found beyond a reasonable doubt. [¶] I also feel that this was on the same day, separated by a stairway. And it was really an act which had begun with the exposure upstairs and concluded with the touching and the fortunate interruption by the lady who was taking the trash out, and the defendant seeking the residential information of the victim. An absolutely awful series of events. [¶] But I do believe, that given the sentencing rules, it is warranted to find that that is an example of what is meant by a single period of aberrant behavior."

The prosecutor then conceded: "The People are going to submit on Your Honor's discretion. Obviously, we had argued that Count 2 and 3 could be run consecutively; however, it's a fair reading of the law to find that they're from the same course of conduct. And so we're going to submit on Your Honor's discretion . . . ." Defense counsel, in turn, urged that the court reconsider its indicated refusal to grant defendant's *Romero*[3] motion, seeking to strike a prior conviction, which would have permitted a 25-year-to-life term on the lewd act convictions.

After defendant placed a number of nonsentencing complaints on the record, the trial court then pronounced sentence on each of the counts. It appears to have been only an oversight that the sentence on count one (kidnapping) was not stayed under section 654 in light of the 50-year-to-life sentence imposed on the lewd act convictions. (See *People v. Latimer* (1993) 5 Cal.4th 1203, 1216 [§ 654 applied where defendant drove victim to the desert and raped her; "Although the kidnapping and the rapes were separate acts, the evidence does not suggest any intent or objective behind the kidnapping other than to facilitate the rapes."].)

Accordingly, the judgment is modified to stay the 22-year sentence imposed on count one pursuant to section 654. The trial court is directed to amend the minute order

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

and forward certified copies to the appropriate entities. As so modified, the judgment is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Dondero, J.

A145096, *People v. Miller*

4